STATE OF CONNECTICUT *vs.* PHILANDER C. ROYCE.

First Judicial District, Hartford, October Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 3916 of the General Statutes requires the secretary or cashier of certain corporations to deliver annually to the comptroller a sworn list of its non-resident stockholders, together with the number and market value of their shares, and to pay to the State one per cent of such value; it also provides that if the cashier or secretary neglects to comply with the statute, he shall forfeit $100 dollars to the State, in addition to the one per cent required to be paid. Section 3930 makes these returns and valuations subject to final revision by the board of equalization, upon whose valuation the tax of one per cent is to be computed; while § 3942 declares that the failure of such board to perform its duties, shall not affect suits by the State for the recovery of any sum in the nature of a tax, or for the penalty for its non-payment. In an action against the secretary of a corporation to recover one per cent upon the difference between the value of the shares as returned by him and their actual market value as claimed by the plaintiff, it was *held* upon demurrer to the complaint :—

1. That in the enactment of § 3942 and the other sections of chapter 244 of the General Statutes, it was evidently the intention of the legislature that the corporation itself would be the real tax debtor, and the defendant in any action therein authorized for the recovery of an unpaid tax.

2. That the failure of the board of equalization to revise the defendant's valuation did not affect in any way the question of his liability for the prescribed forfeiture.

3. That § 3916 imposed no liability for a tax upon the secretary of a cor-

poration, and inasmuch as the plaintiff expressly disclaimed any right to recover the amount demanded by way of forfeiture, the demurrer was properly overruled.

[Argued October 7th—decided November 5th, 1896.]

ACTION to recover the balance of a tax claimed to be payable by the defendant on the shares of stock held by nonresident stockholders, brought to the Superior Court in Hartford County and tried to the court, *Robinson, J.,* upon the defendant's demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The first count of the substitute complaint states the plaintiff's case as follows: —

"1. The defendant, on the 1st day of October, 1891, was, and ever since has been, the secretary of the Hartford Fire Insurance Company, a stock corporation chartered by said State of Connecticut and located and doing business in said Hartford. 2. On October 1st, 1891, the stock of said corporation was liable to taxation by the provisions of Title 76 of the statutes of this State, and said corporation was not otherwise taxed by the provisions of said title. 3. The defendant, on the 1st day of October, 1891, or within ten days thereafter, delivered to the comptroller a sworn list of all the stockholders of said corporation residing without this State on said 1st day of October, 1891; and the number of shares so held and returned was, on said 1st day of October, 1891, five thousand nine hundred and thirty-six (5,936), but the defendant did not on said 1st day of October, 1891, or within ten days thereafter, deliver to the comptroller a list or statement of the market value of said shares so held by stockholders residing without this State on the 1st day of October, 1891, but did return an erroneous and untrue list or statement of the market value of said shares; in that said list or statement so returned falsely represented and stated the market value of said shares to be, on said 1st day of October, 1891, two hundred and eighty-five dollars ($285) each, whereas in truth and fact the market value of said shares was, on said day,

three hundred and forty dollars ($340) each. 4. The board of equalization omitted and failed to examine and correct said erroneous list or statement so returned by the defendant, as set forth in paragraph three of this complaint; and omitted and failed to make any statement of the value and amount of said stock; and omitted and failed to perform any and all of the duties in relation to said list or statement so returned by the defendant, as required of them by chapter 76 of the General Statutes, Revision of 1888, and especially of § 3930 thereof. 5. By the provisions of the statute in such case provided, it became and was the duty of the defendant to pay to the plaintiff, on or before the 20th day of October, 1891, one per cent (1%) of the market value of the said stock of said corporation on the 1st day of October, 1891, belonging to persons residing without the State. The defendant has never paid the same nor any part thereof, except the sum of sixteen thousand eight hundred and twenty dollars ($16,820)."

The second count was identical with the first, except a change in dates to make it applicable to the year 1892. The plaintiff's demand was for $10,000 damages "under the statute in such case made and provided."

The defendant demurred to the complaint upon these grounds: "1. By the proper construction of Title 76 of the statutes it is not provided that the defendant should pay one per cent of the actual market value of said stock on the dates therein specified, but only upon the market value thereof appearing upon the said return of said defendant if made, or a modification thereof by said board of equalization. 2. This court has no power to correct or alter the return made by the defendant, as the sole power therefor is by statute vested in the board of equalization. 3. The omission of said board to act as alleged did not render the defendant liable to the forfeiture provided by statute upon the allegations of said complaint."

The court sustained the demurrer, and the plaintiff appealed.

*George P. McLean*, for the appellant (plaintiff).

The law requires the secretary to return the stock of his company at its market value. He has no discretion, and if he makes a false return in good faith or in bad faith, he violates the express direction of the law. It is unimportant whether the difference between the returned and the real market value be considered a forfeiture or a debt. The trial court erred in holding that neither the amount of the tax as a penalty, nor any portion of the tax required by law, could be collected in any form of action, if the secretary made a false and erroneous return in good faith. Taxes must be assessed, and that never by the agent of the owner of the property taxed. The assessment must be made by a disinterested board constituted for that purpose, or by the courts. 1 Desty on Tax. 446–463; General Statutes, § 3930; *People ex rel. Mut. Fire Ins. Co.* v. *Comrs.*, 76 N. Y. 75; *State* v. *N. Y., N. H. & H. R. R.*, 60 Conn. 335.

*Charles E. Perkins*, for the appellee (defendant).

Section 3916 is a penal statute, and is to be strictly construed. *Daggett* v. *State*, 4 Conn. 63; *Hallenbeck* v. *Getz*, 63 id. 387; *State* v. *Powers*, 36 id. 77; *Mitchell* v. *Hotchkiss*, 48 id. 19; *Rawson* v. *State*, 19 id. 299. It will be noticed that this is not a case of a tax imposed on a corporation, and a liability to pay it, for which a suit may be brought. It is upon the provision of forfeiture only, that this action is founded. There is no other liability on the part of Mr. Royce, and there could not be. The legislature could not make him personally liable for other people's taxes, or provide that the State might sue him for them. The case at bar is radically different from that of *State* v. *N. Y., N. H. & H. R. Co.*, 60 Conn. 326. That was a case of a tax directly assessed upon the railroad company, for which a suit would lie directly against the corporation, while here no tax was or could be laid upon Mr. Royce for other persons' property, and the only thing that could be recovered was a penalty if he neglected to perform the duty imposed upon him by the statute. No tax was imposed upon the corporation, nor upon

the non-resident stockholders, nor would any action lie against either of them in behalf of the State for a tax. The defendant has done exactly what the statute required him to do, as is shown by the plaintiff's own complaint. He did everything that he could do. He made his return, swore to it, and paid the amount called for by it within the time limited, not only according to the strict construction required of the Act, but according to any construction that can be put upon it.

ANDREWS, C. J. Section 3942 of the General Statutes provides that no suit brought by the State to recover a tax from any person or corporation shall be barred or defeated by any omission to act by the board of equalization. Such a construction has been put on this section that it seems to authorize an action by the State for any unpaid tax. *State* v. *N. Y., N. H. & H. R. R.*, 60 Conn. 326, 335; *Coite* v. *Society for Savings*, 32 id. 171; *Coite* v. *Conn. Mut. Life Ins. Co.*, 36 id. 512; *Nichols* v. *N. H. & N. Co.*, 42 id. 103; *State* v. *Housatonic R. R.*, 48 id. 42. Whether or not a suit could be maintained against the Hartford Fire Insurance Company for the portion of the tax against it, claimed in this action to be unpaid, is a question not arising in this case. The several cases which we have cited were all brought against the corporation itself; although in each case the corporation had, presumably, a cashier or secretary who had failed in each case to pay the tax sued for. An examination of the section named, as well as of the other sections of the chapter in which it is included, indicates that the legislature supposed the corporation itself would be the defendant against which any action for an unpaid tax, authorized by that statute, would be brought. The corporation is the real tax debtor.

The complaint in the present action counts upon the provisions of title 76 of the General Statutes, and especially on § 3916 (one of the sections included in that title), which reads as follows: "The cashier or secretary of each corporation whose stock is liable to taxation and not otherwise taxed by the provisions of this title, shall on the first day of October, annually, or within ten days thereafter, deliver to the comp-

troller a sworn list of all its stockholders, residing without this State on said day, and the number and market value of the shares of stock therein, then belonging to each; and shall on or before the twentieth day of October, annually, pay to the State one per cent. of such value; and if any such cashier or secretary shall neglect to comply with the provisions of this section he shall forfeit to the State one hundred dollars, in addition to said one per. cent. so required to be paid." Another section, 3865 in the same title, constitutes a board of equalization; and § 3930 provides that said board shall hold meetings within certain specified days, " to examine and correct" the returns made by such cashier or secretary " and the valuations required thereon," and then enacts that the statement as corrected or made out by the said board shall be returned to the said cashier or secretary, " and the valuation of the several items of money, estate, amount and number contained in such statement, shall be final, and the sums required shall be paid according to it."

The complaint is recited in the statement of the case. It appears therefrom that the defendant, in each of the years 1891 and 1892, did all those things which, in the absence of any action by the board of equalization, the section first mentioned—3916 of the General Statutes—made it his duty to do, in respect to the stock of the Hartford Fire Insurance Company; and it also appears that the board of equalization, in each of the years, failed and omitted to take any action on the sworn lists so made out and returned to the comptroller by the defendant. But such omission by the board in nowise increases or in any way affects the forfeiture to which the defendant may be liable. *Prima facie* then, the defendant has fully performed all those acts and things which that section of the statute commanded him to do, and as a consequence he cannot be subjected to any forfeiture.

There are other averments in the complaint, to the effect that the market value of the shares as returned by the defendant was erroneous,—being stated at $285 per share when it ought to have been stated at $340—and that by reason of that error the State received a very much less sum from the de-

fendant than it ought to have received.   It is this difference which the State seeks to recover in this suit.   Counsel for the State in their brief and in their oral argument disclaim any right to recover the amount of the difference as a forfeiture; they claim to recover it as the unpaid balance of a tax.   It is not pretended, much less is it alleged, that the defendant can be required to pay this amount on the ground that there is any unpaid tax standing against him.   There is no such tax.   He can be required to pay the amount, if at all, only on behalf of the corporation whose servant he is, and whose debt the tax is.

The Hartford Fire Insurance Company is a corporation created by the legislature of this State.   It would doubtless be in the power of the legislature to impose a tax on that corporation, and to make its secretary liable to a suit in favor of the State if that tax was not paid; but such a liability on the part of a corporation could never exist unless some statute clearly declared it.   There is no averment in the complaint that any such liability of the defendant exists; nor is there any statute, so far as has been pointed out to us, which would justify the averment if made.   Section 3916 creates no liability against any secretary of a corporation, except in the form of a forfeiture; and it is expressly conceded that the defendant is not liable to any forfeiture.   It seems to us that section 3942 does not create any liability personally against him.   No other sections have been cited.

There is no error.

In this opinion the other judges concurred.